**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| MARK ULLMAN | ) |
| Plaintiff, | ) |
| v. | ) Case No. L-01-3680 |
| FAMOUS PAWNBROKERS | ) |
| Defendant | ) |

**ANSWER OF DEFENDANT,
FAMOUS PAWN, INC. TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Famous Pawn Inc. (improperly denominated in the Amended Complaint as 'Famous Pawnbrokers, Inc.')(hereinafter "defendant"), by and through its counsel, Laura N. Steel and the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, responds to the Amended Complaint as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Responding to the individually numbered paragraphs of the Amended Complaint, defendant answers as follows:

1.   Defendant lacks sufficient knowledge and/or information to admit or deny the allegations of Paragraph 1 of the Amended Complaint and demands strict proof thereof.

2.      Defendant admits that it owns and operates Famous Pawnbrokers (improperly referred to in the Amended Complaint), which is located at 6623 Reisterstown Road, Baltimore City, Maryland as alleged in Paragraph 2 of the Amended Complaint.

3.      Defendant admits only that plaintiff began employment with defendant as a manager-trainee in 1997, but denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Amended Complaint.

## COUNT I: ALLEGED VIOLATION OF THE ADEA

6.      Defendant adopts and incorporates as if fully stated herein its responses to Paragraphs 1 through 5, inclusive of the Amended Complaint

7.      Defendant admits that plaintiff was terminated in April 1998 but denies the remaining allegations of Paragraph 7 of the Amended Complaint.  Defendant specifically denies any and all allegations of wrongdoing and denies any allegation that plaintiff was terminated for any improper purpose.

8.      Defendant lacks sufficient knowledge and/or information to admit or deny the allegations of Paragraph 8 of the Amended Complaint and demands strict proof thereof.

9.      Defendant admits only the existence of plaintiff's Charge filed with the Equal Opportunity Employment Commission ("EEOC") referred to in Paragraph 9 of the Amended Complaint, which Charge speaks for itself.  Defendant denies the remaining allegations of Paragraph 9 of the Amended Complaint.

10. Defendant admits only the existence of the letter referred to in Paragraph 10 of the Amended Complaint, which letter speaks for itself. Defendant denies the remaining allegations of Paragraph 10 of the Amended Complaint.

11. Defendant admits only that the EEOC conducted a conciliation conference, as alleged in Paragraph 11 of the Amended Complaint, but defendant denies the remaining allegations of Paragraph 11 of the Amended Complaint.

12. Defendant admits only the existence of the letter referred to in Paragraph 12 of the Amended Complaint, which letter speaks for itself. Defendant denies the remaining allegations of Paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Amended Complaint. Defendant specifically denies any and all allegations of wrongdoing and denies that plaintiff was terminated for any improper purpose.

14. Defendant denies the allegations of Paragraph 14 of the Amended Complaint. Defendant specifically denies any and all allegations of wrongdoing and denies that plaintiff was terminated for any improper purpose.

## COUNT II: ALLEGED VIOLATION OF THE FLSA

15-17. This claim was dismissed by the Court and therefore no response is required.

Defendant further denies that plaintiff is entitled to the relief sought in the Amended Complaint.

Further answering the Amended Complaint, defendant denies each and every allegation in the Amended Complaint not specifically admitted. Defendant also specifically denies any and all allegations of wrongdoing and specifically denies that plaintiff is entitled to the relief requested.

**THIRD DEFENSE**

Defendant asserts that plaintiff's termination from employment was for legitimate business reasons and were justified.

**FOURTH DEFENSE**

Defendant asserts that plaintiff was a contractual employee who was dischargeable under certain conditions from employment in the sole discretion of the employer and that plaintiff could be terminated at any time and without cause.

**FIFTH DEFENSE**

Defendant asserts that all employment actions taken by defendant with respect to plaintiff were based upon legitimate nondiscriminatory reasons.

**SIXTH DEFENSE**

Defendant asserts that it is, and was during the relevant time period, an equal opportunity employer committed to treating all employees fairly.  Defendant does not, and did not during the relevant time period, tolerate or engage in any form of discrimination.

**SEVENTH DEFENSE**

At all times relevant, defendant had in place policies and procedures for addressing claims of discrimination and/or harassment made by employees.

**EIGHTH DEFENSE**

Defendant asserts that plaintiff's alleged injuries and damages, if any, were not proximately caused by any acts or omissions of defendant or any employee acting within the scope of employment.

**NINTH DEFENSE**

Defendant asserts that if plaintiff suffered any injury or loss, it was a result of the acts of a party or parties over whom defendant had no control and for whom defendant is not legally responsible.

**TENTH DEFENSE**

Defendant asserts that plaintiff failed or may have failed to mitigate his damages.

**ELEVENTH DEFENSE**

Defendant asserts that the claims alleged in the Amended Complaint are or may be barred in whole or in part because the complained of conduct was not offensive and/or unwelcome to plaintiff and/or was not objected to by plaintiff and/or was not objected to by plaintiff in a timely and understandable fashion.

**TWELFTH DEFENSE**

Defendant asserts that if the plaintiff suffered any injury or loss, it was a result of or caused by intervening or superseding causes not attributable to defendant.

**THIRTEENTH DEFENSE**

Defendant asserts that plaintiff's alleged injuries or damages, if any, were or may have been caused or proximately caused by plaintiff's contributory conduct or assumption of the risk, plaintiff's fault or other culpable conduct on plaintiff's part.

**FOURTEENTH DEFENSE**

Defendant asserts that plaintiff's alleged injuries or damages, if any, were or may have been pre-existing.

### FIFTEENTH DEFENSE

Defendant reserves the right to assert that plaintiff's claims are or may be barred by the doctrines of laches and/or estoppel and/or payment and/or may be barred by the applicable statute of limitations.

### SIXTEENTH DEFENSE

Defendant reserves the right to assert that plaintiff's claims are or may be barred by the doctrines of release and/or waiver.

### SEVENTEENTH DEFENSE

The Court lacks or may lack subject matter jurisdiction over the claims as pled and/or personal jurisdiction over the parties.

### EIGHTEENTH DEFENSE

Plaintiff's Amended Complaint fails to state a claim for constructive discharge.

### NINETEENTH DEFENSE

Plaintiff's allegations and claims are or may be barred, in whole or in part, by his failure to exhaust internal company procedures and/or the administrative remedies available to redress the damage and/or wrong claimed.

### TWENTIETH DEFENSE

Plaintiff's allegations and claims are or may be barred, in whole or in part, by his failure to timely file against this defendant within ninety (90) days of receipt of the EEOC right to sue letter to redress the damage and/or wrong claimed.

### TWENTY-FIRST DEFENSE

Plaintiff's allegations and claims are or may be barred, in whole or in part, by his failure to timely join proper parties.

**TWENTY-SECOND DEFENSE**

Plaintiff's allegations and claims are or may be barred, in whole or in part, because the Amended Complaint does not relate back to the original date of filing under Fed. R. Civ.P.15(c)(3).

**TWENTY-THIRD DEFENSE**

Defendant hereby reserves the right to assert those defenses that may become known as a result of discovery and investigation of this matter.

WHEREFORE, Famous Pawn, Inc., having fully answered the Amended Complaint, respectfully requests:

1. That the Amended Complaint be dismissed with prejudice;

2. That defendant be awarded the costs incurred as a result of this lawsuit, including reasonable attorneys' fees;

3. That defendant be awarded such further relief as this Court deems just and proper.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


/s/
Laura N. Steel (MD Fed Bar No. 23660)
1341 G Street, N.W., 5th Floor
Washington, D.C.  20005
(202) 626-7660
fax (202) 628-3606

Counsel for Famous Pawn, Inc.

161678.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing Answer of Defendant, Famous Pawn, Inc. to Plaintiff's Amended Complaint was served by electronic court filing this 16th day of October 2003, upon:

>Darren Margolis
>Bierer & Margolis PA
>926 St. Paul Street
>Baltimore, MD 21202

/s/
Laura N. Steel